IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALLCARE DENTAL MANAGEMENT, LLC, a New York limited liability Company, DAVID PENNINGTON, an Individual, and CHRISTOPHER BECK, an Individual,<br><br>      Plaintiffs,<br><br>  v.<br><br>TERA ZRINYI, DDS, an Individual, EDWARD GREENE, an Individual, and JOHN OR JANE DOES I-V, Unknown Persons,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. CV-08-407-S-BLW |

## INTRODUCTION

The Court has before it Plaintiffs' Motion for Order to Allow Expedited Discovery (Docket No. 2).

## ANALYSIS

Plaintiffs seek an Order allowing limited expedited discovery prior to the mandatory Rule 26(f) conference in this case. Federal Rule of Civil Procedure 26(d)(1) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted

**Memorandum Decision and Order - 1**

from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." F.R.C.P. 26(d)(1).  Plaintiffs seek a court order in this case.

A "good cause" standard applies to a party seeking expedited discovery. *Invitrogen Corp. v. President and Fellows of Harvard*, 2007 WL 2915058, *2 (S.D.Cal.,2007); *see also Semitool, Inc. v. Tokyo Electron America*, 208 F.R.D. 273 (N.D.Cal.2002).[1]  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

Specifically, Plaintiffs seek an order allowing expedited discovery as follows: (1) Authorization to serve a subpoena duces tecum upon Cable One, Inc. for information related to the claims in this case and for potential identification of Doe Defendants; and (2) Limited discovery on the named Defendants, Tera Zrinyi, DDS, and Edward Greene for the purposes of taking images of the hard-drives of any computers owned and/or used by the named Defendants for the preservation

---

[1] Some courts have applied a test called the Notaro test in determining whether expedited discovery should be allowed.  The test was first articulated in *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y.1982).  The Notaro court required plaintiffs to satisfy a standard akin to preliminary injunctive relief.  However, few courts have applied the test.  Moreover, the Ninth Circuit has not addressed the propriety of Notaro.  *Semitool*, 208 F.R.D. at 275.  For the same reasons explained in *Semitool*, including the fact that Notaro was decided before the current 1993 amendments to Rule 26 took effect, this Court also declines to apply Notaro and instead applies the conventional standard of good cause in evaluating a request for expedited discovery.

**Memorandum Decision and Order - 2**

of electronically stored information related to the claims in this case and for potential identification of Doe Defendants.

A.     **Cable One Subpoena**

Plaintiffs seek an Order allowing them to serve a Rule 45 subpoena duces tecum on Cable One. Plaintiffs assert that the statements posted on "Complaintsboard.com," on September 4, 2008 originated at an IP address used or issued by Cable One. Apparently, Cable One will not release any identifying information associated with the IP address unless and until it is served with a subpoena. Cable One will not disclose personally identifiable information pursuant to the Cable Communication Policy Act, 47 U.S.C. § 501 et seq. The Act indicates that personally identifiable information shall not be disclosed by a cable operator "without the prior written or electronic consent of the subscriber concerned." 47 U.S.C. § 551(c)(1). However, a cable operator may disclose personally identifiable information if the disclosure is "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B).

Plaintiffs assert that they need the information in order to provide them with the disclosure of the Doe Defendants' names and contact information in this case. District Courts have found good cause in granting expedited discovery requests

**Memorandum Decision and Order - 3**

when faced with similar facts. *Kimberlite Corp. v. John Does 1-20*, 2008 WL 2264485 (N.D.Cal., 2008) (Finding that plaintiffs lacking necessary information about unidentified defendants must seek such information through third-party subpoenas or other third-party discovery.) Moreover, postponing disclosure of information until the normal course of discovery may not be an option when the litigation cannot proceed without disclosure of the defendants' names and contact information. *UMG Recordings, Inc. v. Does 1-4*, 2006 WL 1343597, *1 (N.D. Cal., 2006). Additionally, expedited discovery is appropriate because internet service providers typically retain user activity logs for only a limited period of time, ranging from a few days to a few months. *Id.*; see also Creevy Aff., ¶ 12. Accordingly, the Court will grant the motion as explained below.

**B.     Discovery on Named Defendants**

Plaintiffs also request limited expedited discovery as to the named Defendants. Specifically, Plaintiffs request an opportunity to electronically store an image of information stored on Defendants' computers. Plaintiffs cite Rule 34(a) for the proposition that they are entitled to electronically stored information. Plaintiffs contend that Defendants' computer files and/or electronically-stored information may be deleted or otherwise lost before the regular discovery process commences. Plaintiffs suggest that Defendants have evaded service in other

**Memorandum Decision and Order - 4**

matters, leading them to believe Defendants have little respect for the legal process or the requirement to preserve electronic data. Plaintiffs state that they expect to bear the costs associated with the limited discovery requests, and that they are amenable to procedural requirements imposed to prevent prejudice to Defendants. Accordingly, the Court will grant the motion as explained below.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiffs' Motion for Order to Allow Expedited Discovery (Docket No. 2) shall be, and the same is hereby, GRANTED as explained more fully below.

IT IS HEREBY FURTHER ORDERED as follows:

1. Plaintiffs may serve their Rule 45 subpoena duces tecum on Cable One, Inc. along with a copy of this Order.

    a. The Court interprets and understands the Rule 45 subpoena to be seeking information about anonymous persons who posted the alleged defamatory statements on the subject website. The Court is not authorizing disclosure of additional information, such as information about anonymous persons who simply visited the website.

2. Cable One, Inc. is hereby ordered as follows:

**Memorandum Decision and Order - 5**

a. To retain any and all electronically-stored data or information responsive to the Rule 45 subpoena which exists as of the date of the service of the Rule 45 subpoena, 47 U.S.C. § 551(e);

b. To serve a copy of this Order and the associated Rule 45 subpoena duces tecum on all affected subscribers and/or account users within five (5) calendar days of the date of service of this Order and the Rule 45 subpoena upon Cable One, Inc.;

c. Any effected subscribers and/or account users shall then have fourteen (14) calendar days from the date of service upon them in which to file a motion to quash the Rule 45 subpoena with this Court;

d. If no motions to quash are received within the fourteen (14) day period, then Cable One, Inc. shall produce the documents requested by the Rule 45 subpoena to Plaintiffs' counsel. Cable One, Inc. shall produce the documents requested by the Rule 45 subpoena within five (5) calendar days following the expiration of the period in which effected subscribers and/or account users have to file the motions to quash referenced above.

3. Defendants Zrinyi and Greene are hereby ordered to preserve any and all electronically-stored information or documents on any and all computers and portable or detachable hard-drives in Defendants' possession, custody, or control and used by Defendants since August 24, 2008, including but not limited to any computer or portable or detachable hard drive in their homes or place of business.

4. Defendants Zrinyi and Greene are further ordered to make available to Plaintiffs' designated computer forensics expert any and all computers and portable or detachable hard-drives in Defendants' possession, custody, or control and used by Defendants since August 24, 2008, including but not limited to any computer or portable or detachable hard drive in their homes or place of business.  Defendants shall make available all of the computer equipment described above, at their places of business or residences, to Plaintiffs' designated computer forensics expert immediately upon being served with a copy of this Memorandum Decision and Order.

5. Plaintiffs' designated computer forensics expert will use his or her best efforts to avoid unnecessarily disrupting the normal activities or business operations of Defendants while inspecting, copying, and

**Memorandum Decision and Order - 7**

imaging Defendants' computer equipment. Plaintiffs' designated computer forensics expert will maintain any information viewed or discovered during the computer imaging process in the strictest confidence and shall not reveal any such information to Plaintiffs, Plaintiffs' counsel, or any third-parties.

6. After the inspection, copying, and imaging of Defendants' computer equipment, Plaintiffs' designated computer forensics expert shall file all copied and imaged information with the Court under seal for the Court's eyes only. Plaintiffs' designated computer forensics expert must inform the Clerk of the Court, at the time of filing, that the information must be restricted to Court personnel only.

7. Plaintiffs, its counsel, and its designated computer forensics expert shall not access, review, or analyze the copies or images taken of

**Memorandum Decision and Order - 8**

Defendants' computer equipment until stipulation is reached between the parties or until further order of this Court.



DATED:  **October 20, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 9**