IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALLCARE DENTAL MANAGEMENT, LLC, a New York limited liability Company, DAVID PENNINGTON, an Individual, and CHRISTOPHER BECK, an Individual,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>TERA ZRINYI, DDS, an Individual, EDWARD GREENE, an Individual, and JOHN OR JANE DOES I-V, Unknown Persons,<br><br>　　　　　Defendants. | Case No. CV-08-407-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendants' Motion to Dismiss (Docket No. 32). The Court heard oral argument on the motion on February 3, 2009. For the reasons explained below, the Court will grant the motion.

## ANALYSIS

### I. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain

**Memorandum Decision and Order - 1**

statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Factual allegations must be enough "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted). The Supreme Court explained that:

> [a]sking for plausible grounds to infer [a claim] does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.

*Id.* (footnote and quotation omitted).

As the Ninth Circuit recently stated, "[t]o avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008), *as amended*, (quoting *Twombly*, 127 S.Ct. at 1974). Alternatively, dismissal may be appropriate

**Memorandum Decision and Order - 2**

when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. See Weisbuch v. County of L.A., 119 F.3d 778, 783 n.1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. Mullis v. United States Bank, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

## II.   Choice of Law

A federal district court sitting in diversity must apply the forum state's choice of law rules to determine the controlling substantive law. Fields v. Legacy Health System, 413 F.3d 943, 950 (9th Cir. 2005). Idaho applies the "most significant relation test " as set forth in the Restatement (Second) Conflict of Laws

**Memorandum Decision and Order - 3**

§ 145 to determine the applicable law. *Grover v. Isom*, 53 P.3d 821, 823-24 (Idaho 2002). In Idaho tort cases, courts must consider the following facts in making their determination: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Id*. at 824. (Citing *Seubert Excavators, Inc. v. Anderson Logging Co.*, 889 P.2d 82, 85 (1995)). The most important factor is where the injury occurred. *Id.* (Internal citation omitted).

     In this case, it is somewhat difficult for the Court to make these determinations at this point because the parties failed to address the issue in any detail in their briefs. Therefore, the Court is without some necessary information. However, the Court has determined that, at all relevant times, Plaintiffs were residents of New York, Defendants were residents of Idaho, and the transactions between the parties seem to have involved both New York and Idaho. The injury is the result of allegedly defamatory statements made in an internet posting and in a discrimination complaint filed with the Equal Employment Opportunity Commission ("EEOC") in New York.

     Although it is difficult to accurately determine where the alleged injury occurred with respect to the internet posting, it seems that such postings would

**Memorandum Decision and Order - 4**

have a greater negative affect on Plaintiffs in their home town, which is New York. Moreover, the other allegation in the complaint involves statements made to the EEOC in New York. Accordingly, the Court finds that Plaintiffs' injury likely occurred in New York. Therefore, New York has the "most significant relation" to this case, and the Court will apply New York law. Grover, 53 P.3d at 823-24. However, the Court notes that given the similarity in Idaho and New York law regarding the questions at issue in the pending motion, the outcome would be the same if the Court applied Idaho law.[1]

## III.   Defendants' Motion to Dismiss

As noted above, Plaintiffs' complaint is based on two underlying allegations: (1) Dr. Zrinyi's alleged defamatory statements about Plaintiffs in her EEOC complaint; and (2) Alleged defamatory statements about Plaintiffs in an internet posting. In the pending motion, Defendants ask the Court to dismiss Plaintiffs' claims related to the EEOC filing statement.[2] Defendants contend that the

---

[1] The Court notes that although it appears that New York law will control in this case, the Court made this determination based on a somewhat devoid record. As noted above, it makes no difference whether the Court applies Idaho or New York law to the pending motion because the relevant legal standards are the same. However, as the case progresses, the Court may be open to argument about which state's law to apply if the Court is presented with facts currently unknown but relevant to the choice of law decision.

[2] The relevant statement is found at paragraph 27 of Dr. Zrinyi's EEOC complaint, which is attached as a sealed document to her affidavit in this case. (Zrinyi Aff., Ex. A, Docket No. 34). Pursuant to the parties' protective order, the Court will not repeat the full statement in this Memorandum Decision and Order. Rather, the Court will simply refer to it as the "EEOC filing

**Memorandum Decision and Order - 5**

statement is privileged.

In New York, "statements made in judicial, quasi-judicial, or administrative proceedings are cloaked with an absolute privilege, and cannot be the basis for a subsequent claim of defamation." *Herlihy v. Metropolitan Museum of Art*, 608 N.Y.S.2d 770, 773 (N.Y.Sup. 1994); *see also Sexter & Warmflash, P.C. v. Margrabe*, 38 A.D.3d 163, 171 (N.Y App. Div. 2007).[3]  Courts have held that the EEOC constitutes a quasi-judicial agency with authority to administer federal employment discrimination laws.  *See e.g., Blake-McIntosh v. Cadbury Beverages, Inc.*, 1999 WL 464529, *7 (D.Conn 1999).

The privilege arises "when a person makes a bona fide communication upon a subject in which [the person] has an interest or a legal, moral or social duty to speak and the communication is made to a person having a corresponding interest or duty." *Herlihy*, 608 N.Y.S.2d at 773 (Internal citation omitted).  The privilege extends to the parties to the proceeding.  *Sexter*, 38 A.D.3d at 171.  The privilege may be abused and withdrawn, but "the sole criterion of whether such abuse has occurred is the pertinence of the statement in question to the proceedings." *Id.* at 172.  The privilege is lost only when "the language used goes beyond the bounds

---

statement."

[3] The same general standard applies in Idaho. *Malmin v. Engler*, 864 P.3d 179, 182 (Idaho 1993).

**Memorandum Decision and Order - 6**

of reason and is so clearly impertinent and needlessly defamatory. . . ." *Id.* "Whether a statement is 'at all pertinent to the litigation' is determined by an 'extremely liberal' test" *Id.* at 173 (Internal citations omitted). To be actionable, the statement "must be so outrageously out of context as to permit one to conclude, from the mere fact that the statement was uttered, that it was motivated by no other desire than to defame" *Id.* (Internal citations omitted). The pertinence of a statement made in the course of judicial proceedings is a question of law for the court. *Id.*

Here, Dr. Zrinyi argues that the "EEOC filing statement" was pertinent to her EEOC claim because it supported her assertion of sex discrimination. In her EEOC complaint, Dr. Zrinyi argued that Allcare terminated her because of her extra-marital affair with a co-worker, and that she placed the "EEOC filing statement" in her EEOC complaint to show that similarly situated male co-workers (male co-workers who also engaged in extra-marital affairs with other co-workers) were not terminated. Dr. Zrinyi suggests that the "EEOC filing statement" was necessary to prove her case pursuant to Title VII of the Civil Rights Act of 1964.

Section 703(a)(1) of Title VII of the Civil Rights Act of 1964 states that "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual . . . because of such individual's . . . sex . . . ." 42 U.S.C. § 2000e-2(a)(2).

**Memorandum Decision and Order - 7**

Moreover, as part of a sex discrimination claim, a plaintiff must show that similarly situated men were treated more favorably. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002).

Plaintiffs suggest that allegations of extra-marital affairs by male co-workers were not pertinent to Dr. Zrinyi's EEOC complaint because she somehow failed to assert a sex discrimination claim. To support their argument, Plaintiffs reference a statement in Dr. Zrinyi's EEOC complaint where she admits that her termination letter from Allcare failed to address the conduct for which she was terminated. (Zrinyi Aff., Ex. A.) However, that is exactly the point Dr. Zrinyi was trying to make. Dr. Zrinyi's EEOC complaint alleges that Allcare did not give performance reasons for terminating her because Allcare terminated her based on sex discrimination.

Under the circumstances of this case, and under the "extremely liberal test" for determining whether a statement is pertinent to the EEOC litigation, the Court finds that Dr. Zrinyi has met her burden. *Sexter*, 38 A.D.3d at 173. Dr. Zrinyi listed both her indiscretions and those of her male co-workers in order to show that the men were treated more favorable – that is, she was terminated and they were not. Thus, the "EEOC filing statement" was pertinent to the EEOC proceedings, and it is "cloaked with an absolute privilege, and cannot be the basis for a

**Memorandum Decision and Order - 8**

subsequent claim of defamation."  [Herlihy v. Metropolitan Museum of Art, 608 N.Y.S.2d 770, 773 (N.Y.Sup. 1994)](). Accordingly, the Court will grant Defendants' motion to dismiss.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Docket No. 32) shall be, and the same is hereby, GRANTED. Plaintiffs' claims related to the "EEOC filing statement" are dismissed. Claims related to the internet postings remain.



DATED:  **February 4, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 9**