IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALLCARE DENTAL MANAGEMENT, LLC; DAVID PENNINGTON; and CHRISTOPHER BECK,<br><br>               Plaintiffs,<br><br>  v.<br><br>TERA ZRINYI; EDWARD GREENE; TNKK, LLC; and JOHN OR JANE DOES I-V,<br><br>               Defendants. | Case No. CV 08-407-S-BLW-CWD<br><br>**ORDER** |

This matter came before the Court pursuant to Defendants' Motion for Contempt of the Court's protective order and for imposition of sanctions (Docket No. 58). The Court held a hearing on September 4, 2009. During the hearing, plaintiffs' counsel acknowledged that the deposition (including exhibits and DVD) at issue was marked "confidential information," but was distributed to Mrs. Green, Mrs. Green's divorce attorney, and Allcare Dental Management Company's Pennsylvania counsel. The Court found the disclosure to those individuals to be in violation of the protective order, and entered an order granting in part Defendants' Motion. The Court required Plaintiffs to undertake efforts to have the depositions marked confidential

ORDER - 1

returned to Defendants.  (Minutes, Docket No. 69.)  The Court reserved the issue of sanctions until it had reviewed the affidavits it required counsel to submit outlining the efforts undertaken to obtain the confidential information, and the use, if any, of that information.  Those affidavits have now been submitted for the Court's review.  (Docket No. 71.)

Fed. R. Civ. P. 37(b) permits the Court, in its discretion, to award sanctions for a party's failure to comply with a court order.  The Court may order the party, the attorney, or both to pay the reasonable expenses, including attorney fees, caused by the failure to obey a court order, unless the failure was substantially justified or other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(b)(2)(C).  In this case, the Court considers an award of attorney fees to be an appropriate sanction.  While Plaintiffs' counsel may have believed its disclosure of the material was permitted by "ambiguous" language in the protective order, the Court did not find the plaintiffs' position to be supported by the language of the order, especially in light of the parties' past dealings regarding their stipulation for protective order and the clear language in the protective order itself.   The Court therefore finds the failure of Plaintiffs and/or their counsel to abide by the protective order was not substantially justified.

Accordingly, the Court **GRANTS** the remaining component of Defendants' motion seeking the imposition of sanctions.  Defendants are directed to file an affidavit of attorney fees indicating the time spent in connection with the motion for contempt and the retrieval of the protected items on or before October 19, 2009, for the Court's review.

IT IS SO ORDERED.



DATED: October 5, 2009

_____

Honorable Candy W. Dale
Chief United States Magistrate Judge

ORDER - 3