IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ALLCARE DENTAL MANAGEMENT, LLC; DAVID PENNINGTON; and CHRISTOPHER BECK, | ) ) ) ) | Case No. CV 08-407-S-BLW-CWD |
| Plaintiffs, | ) ) | **FINAL ORDER RE: SANCTIONS** |
| v. | ) ) ) | |
| TERA ZRINYI; EDWARD GREENE; TNKK, LLC; and JOHN OR JANE DOES I-V, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter came before the Court pursuant to Defendants' Motion for Contempt of the Court's protective order and for imposition of sanctions (Docket No. 58). The Court conducted a hearing on September 4, 2009, and subsequently granted Defendants' motion, imposing sanctions. (Docket No. 72.) The sanctions imposed constituted the amount of attorney fees attributable to the time spent in connection with the motion for contempt and the retrieval of the protected items. (Docket No. 72.) Plaintiffs' counsel submitted an Affidavit of Attorneys Fees (Docket No. 73), documenting $9,349.50 in fees. Defendants did not file an objection.

Sanctions were imposed pursuant to Fed. R. Civ. P. 37(b), which permits the Court, in its

ORDER - 1

discretion, to impose sanctions for the failure to obey a court order.  If the Court finds sanctions are warranted, the Court may order the party, the attorney, or both to pay the reasonable expenses, including attorney fees, caused by the failure to obey the court order.  Fed. R. Civ. P. 37(b)(2)(C).  Despite the lack of any objection, the rule requires that any expenses imposed be "reasonable."

Upon review of the affidavit of attorney fees, the Court finds the reasonable fees and expenses to be imposed as a sanction amount to $7,000.00.  The Court notes that Ms. Kristensen was the principal attorney working on the matter, and much of the time spent by Ms. Dina, her associate, was duplicative and redundant.  In addition, the amount of time spent on the motion for contempt was arguably excessive, given the lack of any complicated legal issue.  In arriving at the $7,000 figure, the Court reduced the time spent by Ms. Dina by 50%, which resulted in $6,981.75 in fees.  The Court, in its discretion, rounded the figure to $7,000.00.

The Court also finds that both Plaintiffs' Counsel and Plaintiff Allcare Dental Management, LLC, engaged in culpable conduct.  (*See* Aff. of Kormanik, Docket No. 71.) Accordingly, the sanctions will be imposed upon Plaintiffs' Counsel and Plaintiff Allcare, jointly and severally, in the amount of $7,000.00.

IT IS SO ORDERED.

DATED: November 10, 2009

Honorable Candy W. Dale
Chief United States Magistrate Judge

ORDER - 2